LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6387 GAF (MANx) | Date | August 19, 2014 |
|---|---|---|---|
| Title | DWK Enterprises v. Est Giftland Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER REQUESTING FURTHER BRIEFING

Over the past several years, Defendants Michael T. Kuang and Est Giftland, Inc., have allegedly sold a number of resin sculptures online. (Docket No. 1 [Compl.] ¶ 16.) Plaintiff DWK Enterprises believes that these sculptures infringe upon four of its copyrights, and it therefore filed this action. (Id. ¶ 15.) Defendants have not appeared in the months since they received notice of the complaint against them, and Plaintiff now seeks default judgment. (Docket No. 37 [Mot. for Default Judgment ("Mem.")].)

This is not the first time Plaintiff has made such a request. (See Docket No. 20 [First Mot. for Default Judgment]; Docket No. 25 [Second Mot. for Default Judgment]; Docket No. 29 [Third Mot. for Default Judgment]; Docket No. 36 [Third Amended Mot. for Default Judgment].) The earliest such motion was denied for failing to discuss the seven factors relevant to disposition of a motion for default judgment set forth by the Ninth Circuit in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). (Docket No. 24.) The second motion was denied because Plaintiff had sought relief beyond the scope of the complaint; specifically, it sought damages based on copyrights mentioned for the first time in the default judgment motion. (Docket No. 26.) Plaintiff's third motion did not properly include supporting documentation. (Docket No. 35.) A third amended motion was improperly calendared; it was eventually stricken when Plaintiff filed the currently pending, fourth amended motion. (Docket No. 36.) Unfortunately, even this most recent attempt is insufficient as it stands.

Defendants supposedly sell three types of resin sculptures: (1) a wall-mountable deer head; (2) a wall-mountable moose head; and (3) a bear-shaped towel holder. (Docket No. 37-4

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6387 GAF (MANx) | Date | August 19, 2014 |
|---|---|---|---|
| Title | DWK Enterprises v. Est Giftland Inc et al | | |

[Demand Letter] at 13–22.) Included with its briefing, Plaintiff has attached images—though they are nearly impossible to make out due to the poor quality of the photocopy—of each of Defendants' items. (Id.) Plaintiff has also provided pictures of its own, similar sculptures. (Id. at 8–11.) Plaintiff apparently believes that this is sufficient to establish a copyright violation. But the copyrights at issue in this case do not relate directly to Plaintiff's sculptures.

Plaintiff has four pertinent copyright registrations. (Compl. ¶ 15.) Two of them—registration number VA0001694910 and registration number VA0001775875—are for a "catalog." (Docket No. 37-2 [Registrations of Copyright ("Regs.")] at 1, 3.) Another, registration number VA0001711617, covers "CD/DVD & Photoprints of Sculptures." (Id. at 2.) The last, registration number VA0001811852, describes an otherwise unidentified "Electronic File (eService)." (Id. at 4.) In other words, it appears that Plaintiff does not have a copyright in any sculpture. Though Plaintiff never truly states as much, its claims therefore proceed from a multi-step chain: Plaintiff has a copyright in several catalogues and CDs, these have pictures of sculptures in them, and Defendants have made similar sculptures. Defendants have not copied the catalogues or CDs, nor have they reproduced any "photoprints." So the only way Plaintiff's copyright claim could survive would be for Defendants' sculptures to infringe the registered catalogues, CDs, or "photoprints."

But, while Plaintiff has provided brand new pictures of its sculptures, it has not reproduced the catalogues, CDs, or "photoprints" for which it actually has a registered copyright. (Regs. at 1–4.) The new pictures alone are insufficient, because the Court's inquiry into the validity of the pending claims is not whether Defendants' sculptures are similar to Plaintiff's *sculptures*, but whether Defendants' sculptures are similar to Plaintiff's *original pictures*, which, again, are the actual subject of Plaintiff's copyright. Without the original pictures—that is, the pictures in Plaintiff's catalogues and on Plaintiff's CDs—the Court cannot resolve the pending motion. Plaintiff must therefore submit further briefing including legible reproductions of the copyrighted images and catalogues.

The Court is also concerned that at least some of the copyright registrations now at issue pertain to catalogues, rather than to the pictures within those catalogues. (Id. at 1, 3.) Plaintiff's additional briefing should describe the connection between its catalogue copyrights and the images that necessarily form the basis of its claims. That is, Plaintiff should indicate—providing support for its position—whether it has a copyright over the images within the catalogues, or whether its copyright is limited to the specific arrangement of the catalogues.

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6387 GAF (MANx) | Date | August 19, 2014 |
|---|---|---|---|
| Title | DWK Enterprises v. Est Giftland Inc et al | | |

Plaintiff should also provide in its further briefing a short analysis of Ninth Circuit caselaw pertaining to the extension of copyrights in two-dimensional creations to three-dimensional objects. Specifically, Plaintiff should indicate whether the Ninth Circuit allows copyrights in photographs to form the basis of a suit for allegedly infringing sculptures.

Finally, as the Court noted above, many of the images Plaintiff has so far submitted in connection with this case are nearly impossible to make out. (See, e.g., Demand Letter at 8–22.) The level of contrast in the photocopies is, by turns, both too high and too low. Plaintiff should therefore: (1) submit new, more easily distinguishable pictures of Defendants' allegedly infringing sculptures; and (2) ensure that the original catalogue images it submits in response to this order are of a high-enough quality for a proper comparison to be made.

Plaintiff is **ORDERED** to submit additional briefing consistent with this order no later than close of business on Friday, September 5, 2014. The hearing on the pending motion for default judgment is **CONTINUED** to 9:30 a.m., Monday, September 22, 2014.

**IT IS SO ORDERED.**